**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**KAMEON SUPREME AARON** **PLAINTIFF**
**ADC #129521**

**V.** **NO. 3:26-cv-258-DPM-ERE**

**GREENE COUNTY DETENTION CENTER and**
**GREENE COUNTY SHERIFF'S DEPARTMENT** **DEFENDANTS**

# ORDER

*Pro se* plaintiff Kameon Supreme Aaron, an inmate at the Greene County Detention Center ("Detention Center"), filed this 42 U.S.C. § 1983 case. *Doc. 2*. Mr. Aaron's complaint alleges that Detention Center officials have denied him access to the law library in violation of the First, Fourth, Sixth, Eighth, and Fourteenth Amendments. Mr. Aaron sues the Detention Center and the Greene County Sheriff's Department ("Sheriff's Department") in their official capacity only seeking declaratory, injunctive, and monetary relief. This Order identifies the problems in Mr. Aaron's complaint and gives him the opportunity to file an amended complaint.

## I. Complaint Deficiencies

### A. Sheriff's Department and Detention Center

Mr. Aaron names the Detention Center and the Sheriff's Department as the only Defendants. However, detention centers and sheriff's departments are not entities that can be sued in a civil rights case brought under 42 U.S.C. § 1983. *De La*

*Garza v. Kandiyohi County Jail*, 2001 WL 987542 (8th Cir. Aug. 30, 2001) (unpublished opinion); *Day v. Minnehaha County*, 632 Fed. Appx. 305 (8th Cir. 2016) (per curiam) (citing *Owens v. Scott County Jail*, 328 F.3d 1026, 1026 (8th Cir. 2003) ("county jails are not legal entities amendable to suit")). So, Mr. Aaron cannot proceed on his claims against the Detention Center Sheriff's Department.

**B. Official Capacity Claims**

Under the law, Mr. Aaron's official-capacity claims are treated as claims against Greene County. *Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018). Greene County cannot be held vicariously liable under § 1983 for the acts of county employees. *Id. at 800-01* (citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694-95 (1978)). Greene County can face § 1983 liability when its own policies, customs, or practices cause constitutional deprivations. *Brewington*, 902 F.3d at 801-02; *Corwin v. City of Independence, Missouri*, 829 F.3d 695, 699-700 (8th Cir. 2016). But Mr. Aaron's complaint contains no allegations suggesting that a Greene County policy, practice, or custom caused his injury. As a result, the current complaint fails to allege facts to support a plausible official-capacity claim.

## II. <u>Guidelines for Filing Amended Complaint</u>

Mr. Aaron has thirty days to file an amended complaint. If Mr. Aaron files an amended complaint, he should: (1) identify and name as Defendants the individuals who allegedly violated his constitutional rights; (2) explain how each Defendant

personally violated his constitutional rights; and (3) describe how he was harmed or injured as a result of each Defendant's alleged unconstitutional conduct.

Mr. Aaron's amended complaint, if filed, will supersede or replace the current complaint. See *In re Atlas Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000) (an amended complaint supersedes an original complaint and renders the original complaint without legal effect). So, Mr. Aaron should make sure that his amended complaint includes all allegations relevant to the claim(s) he wants to pursue in this lawsuit. Also, Mr. Aaron should not rely upon, or incorporate by reference, any allegations made in his complaint. In other words, Mr. Aaron's amended complaint, if filed, will stand alone.

Finally, in his amended complaint, Mr. Aaron need only include a "short and plain statement" showing that he is entitled to relief, with factual allegations that are "simple, concise, and direct." FED. R. CIV. P. 8(a)(1) & (d). At this early stage, there is no need to identify witnesses or to describe evidence that he may rely on later to prove his claim.

## IV. **Conclusion**

IT IS THEREFORE ORDERED THAT:

1. Mr. Aaron may file an amended complaint within thirty (30) days of the entry of this Order.

2. If Mr. Aaron fails to file an amended complaint, the Court will screen the original complaint, which is likely to result in the dismissal of Mr. Aaron's complaint.

3. The Clerk is instructed to provide Mr. Aaron a blank 42 U.S.C. § 1983 complaint form, along with a copy of this Order.

DATED 14 September 2026.

UNITED STATES MAGISTRATE JUDGE